## WILLARD vs. PARKER.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The petitioner sues for a horse, which he avers is his property, and states that the defendant has got possession of him, and refuses to deliver him up. Two hundred dollars damages are also claimed.

The vendor loses his privilege, by a sale and delivery by his vendee.

The defendant opposes to the action.

1. A plea that he sold the horse to one Asher Starkweather for $150, and that he has the privilege of vendor on him, the price not being paid.

Eastern Dist.
*Feb'ry*, 1829.

WILLARD
*vs.*
PARKER.

2. That there is due to him for the keeping of the horse $131.

3. That the horse was fraudulently taken out of his possession by Starkweather, and that the plaintiff knowing his (defendant's) claim, had combined and colluded with Starkweather to defeat it.

The cause was submitted to a jury in the court of the first instance, who found a verdict in favor of the plaintiff for the horse, and assessed his damages at $173.

An unsuccessful motion was made in the court of the first instance for a new trial, and judgment being rendered conformable to the verdict, the defendant appealed.

The statement of facts shews, that the horse had been sold by Starkweather in the street, on the 27th December, 1827. The witness who proves this fact did not see the money paid, but heard the vendor say he was satisfied. The horse was put in the stable of one Carlisle, and staid all night.

Defendant proved he had sold the horse to Starkweather, and that the price remained unpaid, but was sued for. It was proved that the horse was put into Parker's livery stable on

the 13th August, at 50 cents a day, and that he remained there until the trial at 50 cents a day. A day or two before, the horse was sold to plaintiff, Parker ordered his ostler not to let Starkweather take the horse out of the stable until the keeping was paid. The keeper testified he was taken out without his consent or knowledge, *and that if he knew it he would have prevented it.*

Eastern Dist.
*Feb'y*, 1829.

WILLARD
*vs.*
PARKER.

The morning after the horse was sold to the plaintiff, he was found at the stable door, with a rope round his neck. The defendant kept the horse up to the time of trial without using him.

We think the court below did not err in refusing to grant a new trial, and in confirming the verdict. The defendant delivered possession of the horse to Starkweather the purchaser, by whom he was placed in the stable. Whether he got him improperly out or not without paying for his keeping cannot affect the rights of property in the plaintiff. Starkweather was both owner and possessor at the time he sold, and having under these circumstances sold the horse to the petitioner, the defendant's privilege was lost.

Eastern Dist
Feb'ry 1829.

WILLARD
vs.
PARKER.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

*Ogden* for plaintiff—*Preston* for defendant·